## Case No. 6,825.

### In re HUDDELL et al.

[8 Wkly. Notes Cas. 407.]

Circuit Court, E. D. Pennsylvania.    April 30, 1880.

BILLS AND NOTES — CONFLICT OF JURISDICTION— PRE-EXISTING DEBT, HOLDER OF NOTE AS COLLATERAL FOR— LOCAL LAW — GENERAL COMMERCIAL JURISPRUDENCE — STATE AND FEDERAL COURTS.

The holder of a negotiable note, taken as security for a pre-existing debt, is a holder for value, and as such is protected against any equities subsisting between the original parties to it.

[Error to the district court of the United States for the Eastern district of Pennsylvania.]

McKENNAN, Circuit Judge. The question in this case being one, not of local law, but of general commercial jurisprudence, the decisions of the state courts are persuasive only, and this court will follow the guidance of general judicial opinion concerning it. Mack v. Baker [Case No. 8,834] not followed.

In the settlement of the estate of Huddell & Seitzinger, bankrupts, R. D. Wood & Co. made a claim upon certain notes held by them. The parties agreed to a case stated, showing the following facts: R. D. Wood & Co. received from one Boyer two promissory notes, made by Seitzinger to the order of the firm of Huddell & Seitzinger, and indorsed by them. R. D. Wood & Co. had delivered to Boyer two of their own notes to be used for specified purposes. Boyer converted to his own use one of these notes, whereupon R. D. Wood & Co. called upon him to return the other. The matter was settled by Boyer's retaining the note he still held, and by his delivering to R. D. Wood & Co., inter alia, the two notes forming the present claim. These notes were procured by Boyer to be made by Seitzinger, and indorsed by Huddell & Seitzinger, and delivered to him by false

representations, to the effect that R. D. Wood & Co. needed accommodation, and desired the use of this security. Neither Seitzinger nor Huddell received any consideration therefor. R. D. Wood & Co. had no notice of this transaction, and supposed that the notes represented a debt due by the maker to Boyer. The notes were duly protested.

The district court (Cadwalader, J.), following the register's report, entered judgment in the case stated for the assignee of the bankrupts, whereupon R. D. Wood & Co. took this writ of error to the district court.

Thomas Hart, Jr., for R. D. Wood & Co.

It is admitted that Judge Story's remark, in Swift v. Tyson, 16 Pet. [41 U. S.] 1, that the receipt of a note as collateral for a pre-existing debt is a holding for value, is obiter dictum. But since that case it has been regarded as fixing the law in the United States. 3 Kent, Comm. 81; Story, Prom. Notes (7th Ed., 1878) § 195. The author repeats the doctrine laid down in Swift v. Tyson [supra], and sustains it. Pars. Prom. Notes, 218, and notes; Byles, Bills (Sharswood's Notes) 28; McCarty v. Root, 21 How. [62 U. S.] 432. The Pennsylvania cases are otherwise, but this is the effect of early error, and the late cases, while recognizing these cases to be the law of the state, have regretted it. Depeau v. Waddington, 6 Whart. 220. In other states the doctrine of Swift v. Tyson is followed. Roberts v. Hall, 37 Conn. 205; Naglee v. Lyman, 14 Cal. 450; Fisher v. Fisher, 98 Mass. 303; Allaire v. Hartshorne, 1 Zab. (21 N. J. Law) 665; Cobb v. Doyle, 7 R. I. 550; Atkinson v. Brooks, 26 Vt. 574; Manning v. McClure, 36 Ill. 490; Valette v. Mason, 1 Smith (Ind.) 89; Bank of Charleston v. Chambers, 11 Rich. Law, 657; Boatman's Sav. Inst. v. Holland, 38 Mo. 49; Outhwite v. Porter, 13 Mich. 533. More benefit is obtained by enlarging the circulation and negotiation of promissory notes than can be obtained by attempts to get at the merits of individual cases, by restricting the same.

S. Dickson, contra, relied on Mack v. Baker [Case No. 8,834].

McKENNAN, Circuit Judge. Is the holder of a negotiable note, who has taken it as a security for a pre-existing debt, a holder for value, and so protected against any equities subsisting between the original parties to it? This is the only question presented by this case. If the rule established in Pennsylvania by the decisions of her highest court is to be followed. it must be answered in the negative. But these decisions are only persuasive. as may be said also of a recent decision in this court by a late eminent judge conformably to the state rule. The question involved is not one of local law, but of general commercial jurisprudence, hence the duty of the court is imperative to follow the guidance of general judicial opinion concern-

ing it. As to the preponderating weight of this opinion there is scarcely ground for doubt. In perhaps a majority of the United States, the law is settled that the taking of a note as collateral security for a pre-existing debt is a holding for value. So it is held in England. See Percival v. Frampton, 2 Cromp., M. & R. 180, and Poirier v. Morris, 2 El. & Bl. 89. It is stated to be the better doctrine in 3 Kent, Comm. 81; in Story, Prom. Notes, § 195; in Pars. Prom. Notes, 218; and in Byles, Bills (By Sharswood) 28. It has the judicial sanction of Judge Story, in Swift v. Tyson, 16 Pet. [41 U. S.] 1, where the adoption of it is distinctly approved by the supreme court, in McCarty v. Root, 21 How. [62 U. S.] 439. Such weight of authority must be regarded in this court as decisive, and judgment is, therefore, entered for plaintiffs on the case stated.